1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT

8          EASTERN DISTRICT OF CALIFORNIA

9

10   MELVIN THOMAS,                          1:14-cv-02002-LJO-EPG (PC)

11             Plaintiff,

12        v.                                 ORDER SETTING SETTLEMENT
                                             CONFERENCE
13   MARLENE SMITH, et al.,

14             Defendants.

15

16        Plaintiff, Melvin Thomas, is a state prisoner proceeding *pro se* in a civil rights action

17   pursuant to 42 U.S.C. § 1983.  The court has determined that this case will benefit from a

18   settlement conference.  Therefore, this case will be referred to Magistrate Judge Barbara A.

19   McAuliffe to conduct a settlement conference at the U. S. District Court, 2500 Tulare Street,

20   Fresno, California 93721 in Courtroom #8 on September 29, 2016 at 9:00 a.m.

21        A separate order and writ of habeas corpus ad testificandum will issue concurrently with

22   this order.

23        In accordance with the above, IT IS HEREBY ORDERED that:

24        1.   A settlement conference has been set for September 29, 2016 at 9:00 a.m. in

25             Courtroom #8 before Magistrate Judge Barbara A. McAuliffe at the U. S. District

26             Court, 2500 Tulare Street, Fresno, California 93721.

27        2.   A representative with full and unlimited authority to negotiate and enter into a binding

28
                                         1

settlement shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. At least 28 days before the settlement conference, defendants shall contact plaintiff, by phone or in person, to discuss settlement options. If settlement is achieved, defense counsel is to immediately inform the courtroom deputy of Magistrate Judge Barbara A. McAuliffe.

5. If settlement is not achieved informally, each party shall provide a confidential settlement statement to the following email address: bamorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to Sujean Park, ADR & Pro Bono Program Director, USDC CAED, 501 I Street, Suite 4-200, Sacramento, California 95814. The envelope shall be marked "Confidential Settlement Statement". Settlement statements shall arrive no later than September 12, 2016. Parties shall also file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…" United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

the date and time of the settlement conference indicated prominently thereon.

Defendants shall submit a single, joint confidential settlement statement for all related cases, addressing each case separately only as necessary, so not to repeat the same information multiple times and to keep the document as brief as possible.  Plaintiff's confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed.

Both parties' confidential settlement statements shall address the following:

a.   A brief statement of the facts of the case.

b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c.   A summary of the proceedings to date.

d.   An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

e.   The relief sought.

f.   The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

g.   A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated:   **July 28, 2016**　　　　　　　　　/s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE

3